# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 2540  Telephone: (212) 317-1200
New York, New York 10165  Facsimile: (212) 317-1620

May 18, 2018

**BY ECF**
Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: Ortega Dominguez v. Burgos Restaurant Corp., et al.,
17 cv 8327(LGS)

Dear Judge Schofield:

We represent Plaintiff Pedro Ortgea Dominguez in the above-referenced matter. We write to seek approval of the Settlement Agreement in this FLSA action, in accordance with the Court's order dated April 19, 2018 (Dkt No. 30). A copy of the settlement agreement is submitted herewith as Exhibit A. We have not yet received a fully executed settlement agreement from Defendants, and expect to receive it shortly. We respectfully request that the Court not dismiss the action until we file a fully executed settlement agreement.

As set out below, the settlement terms are fair and reasonable, as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

Overview of Action and Settlement Terms

Plaintiff was employed by Defendants at their restaurant, Burgos. Plaintiff alleges that he regularly worked approximately 51 hours per week, and that he was paid a fixed weekly salary of $500 per week that did not compensate him at 1 ½ times his regular rate of pay for the hours above 40 they worked each week.

Defendants challenged these allegations, asserting that plaintiff worked only approximately 42 hours per week, and that he worked approximately five months, rather than one year as Plaintiff alleged.

Plaintiff's best-case scenario damages calculation was that he was owed a total of approximately $34,000 in overtime wages, spread of hours damages, liquidated damages, and statutory violations of the NYLL. Of those damages, approximately $11,000 was unpaid overtime.

The parties are settling for a total amount of $20,000, to be paid out with an initial payment of $5,000 followed by seven payments of $2,000 and one final payment of $1,000. After attorneys' fees and costs, Plaintiff will receive $12,981.00. While this will result in Plaintiff recovering less than his best-case scenario total damages, there was no guarantee that Plaintiff would have received a judgment in the amount he sought, as Defendants contested Plaintiffs' allegations. Furthermore, this exceeds Plaintiff's own calculation of his maximum backpay damages. Even if the Plaintiff had succeeded in obtaining such a judgment, it would have been very challenging to recover the full amount. The Defendants' restaurant is small and Defendants represented that they had very limited assets. The settlement also was reached early in the action, before discovery commenced, which will result in Plaintiff receiving his money earlier than if the case had proceeded to judgment, and will save Plaintiff from committing the time necessary to prosecute the action through trial.

**Plaintiff's Attorneys' Fees are Fair and Reasonable**

Although the terms of Plaintiff's retainer agreement with counsel permits Plaintiffs' attorneys to receive 40 percent of the settlement amount, plus costs, Plaintiffs' counsel will take only one-third of the settlement amount net of costs. Accordingly, Plaintiffs' attorneys will receive

May 18, 2018
Page 3

$7,019.00 from the settlement fund as attorneys' fees and costs. $528.00 of this represents costs actually incurred by counsel in litigating this action (which includes filing and service of process fees). The remaining portion represents the one-third contingency fee after costs to be received by Plaintiffs' attorneys.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Plaintiff's counsel has calculated their lodestar as $4,218.75 in attorneys' fees, plus costs of $528.00. An itemized record of Plaintiffs' attorneys' billing on this matter is annexed as Exhibit B. While this lodestar amount is less than the attorneys' fees to be received by plaintiffs' attorneys under the settlement, the fees Plaintiffs' attorneys will receive are a reasonable multiple of approximately 1.66 of the lodestar amount. *Manley v. Midan Rest. Inc.,* 2017 U.S. Dist. LEXIS 44560, *34, 2017 WL 1155916 (S.D.N.Y. Mar. 27, 2017). Moreover, a one-third contingency fee is commonly approved in this Circuit. *Id.* 2017 U.S. Dist. LEXIS 44560, at *26 ("Fees of one-third in FLSA cases are routinely approved in this Circuit"); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069, *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In addition, the costs and fees requested are less than the Plaintiffs' engagement agreement with counsel, which called for Plaintiffs' attorneys to receive 40% of any recovery, plus costs. Therefore, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

The attorneys involved in this case are at the highest level of their profession and are well deserving of the requested rates.

May 18, 2018
Page 4

I am requesting an hourly rate of $450.00, which is the rate I charge for matters where I bill hourly. My time is indicated by the initials "MF." I have over a decade of experience litigating employment actions in the federal courts. Prior to forming Michael Faillace & Associates, P.C., I worked for seventeen years as an in-house Employment Counsel with International Business Machines Corporation (IBM). I have also taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998. I am a nationally-renowned speaker and writer on employment law. I am the author of the best-selling treatise on the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI). I graduated with a Juris Doctor and Masters in Public Administration from Harvard Law School and the Kennedy School of Government in 1983, and an L.L.M. in Labor and Employment Law from New York University School of Law in 1999.

**Joshua Androphy**, senior attorney at Michael Faillace & Associates, P.C., is requesting an hourly rate of $400.00. His time is indicated by the initials "JA." This is the actual rate he is billed at for matters he works on for which we bill clients on an hourly basis, including wage and hour defense cases. Attorney Androphy graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, Attorney Androphy developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. Since joining Michael Faillace & Associates, P.C. in 2012, Attorney Androphy has been responsible for litigating all aspects of individual, collective, and class action employment claims in state and

May 18, 2018
Page 5

federal court. Androphy has been selected as a Super Lawyers Rising Star for employment litigation in 2014, 2015, 2016, 2017 and 2018.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

We respectfully request that the court approve the settlement as fair and reasonable and dismiss the action in accordance with the stipulation filed herewith. We thank the Court for its attention to this matter and its successful efforts to resolve the action through settlement.

Respectfully Submitted,

/s/Michael Faillace
Michael Faillace

Attachments:
    Exhibit A: Settlement Agreement
    Exhibit B: Plaintiffs' Attorneys' Billing Records