UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEDRO ORTEGA DOMINGUEZ, *individually and on behalf of others similarly situated,*<br><br>*Plaintiff,*<br><br>-against-<br><br>BURGOS RESTAURANT CORP. (d/b/a BURGOS RESTAURANT CAFÉ), ZERVIAN CAFÉ CORP (d/b/a BURGOS RESTAURANT CAFÉ) and JACKELYN BURGOS,<br><br>*Defendants.* | 17-CV-8327 (LGS)<br><br>**SETTLEMENT AGREEMENT<br>AND<br><u>RELEASE</u>** |

This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiff PEDRO ORTEGA DOMINGUEZ ("Plaintiff") and Defendants BURGOS RESTAURANT CORP. (d/b/a BURGOS RESTAURANT CAFÉ), ZERVIAN CAFÉ CORP (d/b/a BURGOS RESTAURANT CAFÉ) and JACKELYN BURGOS (collectively "Defendants"), on the other hand.

WHEREAS, Plaintiff allege that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 1:17-cv-8327 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the sum of Twenty Thousand Dollars **($20,000.00)** (the "Settlement Amount") to be paid to Plaintiff's attorneys for distribution to the Plaintiff.

1231196.1

   2(a). The Settlement Amount shall be paid in accordance with the following schedule of payments:

- The sum of Five Thousand Dollars ($5,000.00) shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165, within thirty ("30") days of the execution of this agreement.

- On the 1st of every month following the execution of the Settlement Agreement, payment shall be made towards the balance of the Settlement to be paid in seven (7) monthly installments in the sum of Two Thousand Dollars ("$2,000.00) by check made payable to the office of Michael Faillace & Associates, P.C.

- On the 1st of the month following the last of the seven monthly installments of $2,000, payment shall be made in the amount of One Thousand Dollars ($1,000) by check made payable to the office of Michael Faillace & Associates, P.C.

   2(b). The Court shall dismiss the Litigation, with prejudice, in the form set forth in Exhibit A to this Agreement.

   2(c). Plaintiff shall be solely responsible for any taxes resulting from payments received under the Agreement. Plaintiff shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from payments under this Agreement.

   2(d) In the event that the Settlement Amount is not paid by the payment dates set forth in paragraph 2 above, or any check fails to clear (i.e., bounces) on its respective payment date, Plaintiff's counsel shall serve a written notice ("Default Notice") upon counsel for the Defendants by email and certified mail, and the Defendants shall have ten (10) days from the date of delivery of the Default Notice to cure the default by making such payment, together with an additional amount of $100.00 to reimburse for the time and costs of any such bounced check. Upon Defendants' failure to cure a default within ten (10) days of delivery of the Default Notice, counsel for Plaintiff may immediately file the Affidavits of Confession of Judgment, the form of which is appended hereto as Exhibit B.

   3. <u>Release and Covenant Not To Sue</u>: Plaintiff hereby irrevocably and unconditionally release from and forever discharge and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff at any time has, had, claims or claimed to have against Defendants relating to his employment with Defendants and regarding any

events claimed to have occurred as of the Effective Date of this Agreement, including, without limitation, any and all claims related or in any manner incidental to the Litigation, Plaintiff's employment or termination, or any liability under any contract, tort, federal, state or local fair employment practices or civil rights or any other law, including, but not limited to, the New York State Human Rights Law, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act, Older Workers' Benefit Protection Act, the Employee Retirement Income Security Act, COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act, New York State Labor Law, New York City Labor Law, or any and all common law claims, including claims for wrongful discharge, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any claim for attorney's fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity, except that nothing in this Agreement shall operate to preclude Plaintiff from enforcing, or shall adversely affect their right or ability to enforce this Agreement. Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff regarding events that have occurred as of the Effective Date of this Agreement.

   4.   No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

   5.   Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

   6.   Acknowledgment: Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

   Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

   7.   Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165

Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Andrew S. Hoffmann, Esq.
Hoffmann & Associates
450 Seventh Avenue, Suite 1400
New York, New York 10123
212 679-0400 (phone)
Andrew.Hoffmann@HoffmannLegal.com

8. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

9. <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

10. <u>Release Notification</u>: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiff acknowledges that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledged that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

11. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: 05/14/2018

_____
PEDRO ORTEGA DOMINGUEZ

STATE OF NEW YORK   )
                    )SS.:
COUNTY OF           )

On May 14, 2018 before me personally came to me PEDRO ORTEGA DOMINGUEZ, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

JOSHUA S. ANDROPHY
Notary Public, State of New York
No. 02AN6166515
Qualified in New York County
Commission Expires August 17, 2015
Jan. 8, 2020

_____
Notary Public

Dated: _____

_____
JACKELYN BURGOS, and on behalf of BURGOS RESTAURANT CORP. and ZERVIAN CAFÉ CORP

STATE OF NEW YORK   )
                    )SS.:
COUNTY OF           )

On _____, 2018 before me personally came to me JACKELYN BURGOS, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

**THEREFORE**, the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: _____

_____
PEDRO ORTEGA DOMINGUEZ

STATE OF NEW YORK  )
                    )SS.:
COUNTY OF           )

On _____, 2018 before me personally came to me PEDRO ORTEGA DOMINGUEZ, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

Dated: 5/7/18

_____
JACKELYN BURGOS, and on behalf of BURGOS RESTAURANT CORP. and ZERVIAN CAFÉ CORP

STATE OF NEW YORK  )
                    )SS.:
COUNTY OF New York )

On MAY 7, _____, 2018 before me personally came to me JACKELYN BURGOS, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

MIGUEL ANT. ACOSTA
NOTARY PUBLIC STATE OF NEW YORK
NO. 01AC4748855. QUALIFIED IN WESTCHESTER COUNTY
CERTIFICATE FILED IN NEW YORK AND BRONX COUNTY
COMMISSION EXPIRES JULY 31, 20 21

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PEDRO ORTEGA DOMINGUEZ, *individually and on behalf of others similarly situated,*<br><br>*Plaintiff,*<br><br>-against-<br>BURGOS RESTAURANT CORP. (d/b/a BURGOS RESTAURANT CAFÉ), ZERVIAN CAFÉ CORP (d/b/a BURGOS RESTAURANT CAFÉ) and JACKELYN BURGOS,<br><br>*Defendants.* | 17-CV-8327 (LGS)<br><br>**STIPULATION OF DISCONTINUANCE** |

IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties, that the Complaint and any and all claims that were or could have been asserted in this action by any party are hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees.

Date:   New York, New York
_____, 2018

Andrew S. Hoffmann, Esq.
Hoffmann & Associates
450 Seventh Avenue, Suite 1400
New York, New York 10123
212 679-0400 (phone)
Andrew.Hoffmann@HoffmannLegal.com
*Attorney for Defendants*

Joshua S. Androphy, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd. St. Suite 4510
New York, NY 10165
Tel.: 212.317.1200
*Attorneys for Plaintiffs*

EXHIBIT B

NEW YORK STATE SUPREME COURT
NEW YORK COUNTY
------------------------------------------------------------X
PEDRO ORTEGA DOMINGUEZ, *individually and
on behalf of others similarly situated*,

                       *Plaintiff,*

                -against-
BURGOS RESTAURANT CORP. (d/b/a BURGOS
RESTAURANT CAFÉ), ZERVIAN CAFÉ CORP
(d/b/a BURGOS RESTAURANT CAFÉ) and
JACKELYN BURGOS,

                      *Defendants.*
------------------------------------------------------------X

**AFFIDAVIT OF
CONFESSION
OF JUDGMENT**

STATE OF NEW YORK   )
                             ) ss.
COUNTY OF NEW YORK  )

      JACKELYN BURGOS, being duly sworn, deposes and says:

1.    I, JACKELYN BURGOS, am the Principal of Burgos Restaurant Inc. and Zervian Café Corp. with the principal place of business located at _206 Dyckman St, New York, NY 10040_

2.    I reside at _206 Dyckman St, New York, NY 10040_

3.    I have authority to sign on behalf of Burgos Restaurant Inc. and Zervian Café Corp and I am duly authorized to make this affidavit on the undersigned entities' behalf.

4.    Provided there shall have been an event of default in the payment of the sums due under the settlement agreement and such default has continued uncured and unpaid for a period in excess of ten (10) days after notice and an opportunity to cure, then, upon submission of Plaintiff's counsel's attorney affirmation attesting to such default under oath, I hereby confess judgment and authorize entry of judgment against Burgos Restaurant Inc. and Zervian Café Corp. in favor of Plaintiffs for the sum of $33,000.00, less any payments previously received

pursuant to the terms of the Settlement Agreement and General Release, together with interest from the date of the default to the date of entry of judgment, computed as provided in 28 U.S.C. §1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment; and interest on the judgment as provided in 28 U.S.C. § 1961.

5. This Confession of Judgment is for a debt justly due to Plaintiffs pursuant to the Settlement Agreement, and Defendants' default in payment under the Settlement Agreement.

6. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment against of each of Burgos Restaurant Inc. and Zervian Café Corp. and JACKELYN BURGOS, jointly and severally, against all property, of any kind, in which any of them, collectively or individually, have any ownership interest.

7.

*[signature]*
JACKELYN BURGOS, and on behalf of BURGOS RESTAURANT CORP. and ZERVIAN CAFÉ CORP

Sworn to before me this
21st day of May of 2018

*[signature]*
Notary Public

LISBET ACUNA
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01AC6057526
Qualified in Manhattan
Commission Expires    April 16, 2019